835 F.2d 875
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roland HOLLOMAN, Defendant-Appellant.
 No. 87-5551.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 6, 1987.
Decided Dec. 2, 1987.
 
 Edwin Chrisco Walker, Assistant Federal Public Defender (William E. Martin, Federal Public Defender on brief) for appellant.
 James Gordon Carpenter, Assistant United States Attorney (Samuel T. Currin, United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and JAMES DICKSON PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In 1986 Roland Holloman was charged with possessing a firearm after having been convicted of a felony. He was found incompetent to stand trial and the charges against him were dropped. The Warden at the Federal Correctional Institution at Butner, North Carolina filed a certificate of mental disease or defect and dangerousness pursuant to 18 U.S.C. Sec. 4246(a). After a hearing, the district court found upon clear and convincing evidence that Holloman was suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another person. The district court ordered that Holloman be committed to the custody of the Attorney General pursuant to 18 U.S.C. Sec. 4246(d). Holloman appeals.
 
 
 2
 Because there is overwhelming evidence that Holloman is imminently dangerous, we affirm.
 
 
 3
 At the hearing, Dr. Sally Cunningham Johnson, Director of Forensic Services and Clinical Research at Butner, testified that Holloman suffered from a schizoaffective disorder which caused paranoid delusional thinking and mood swings. Dr. Johnson testified that Hollomon is a present danger to other persons. Also before the district court were reports of three other psychiatrists, including a court-appointed psychiatrist, finding that Holloman's release would create a substantial risk of injury to others.
 
 
 4
 Holloman argues that the district court failed to consider Dr. Johnson's testimony that, at the present time, Holloman poses a threat only to his father and stepbrother. Holloman argues that the district court should have considered this evidence along with Holloman's testimony that he has no desire to contact his family. Also, Holloman points to the facts that he has had no disciplinary problems at Butner and has not been violent toward any of his fellow inmates.
 
 
 5
 In reviewing the record we find no assurance that, if released, Holloman would not contact his family. Also, Dr. Johnson testified that Holloman's paranoid delusional condition could cause him to refocus his thinking on another person.
 
 
 6
 We find no evidence to refute the medical evidence that Holloman poses a substantial threat of injury to others.
 
 
 7
 The order of the district court is affirmed.
 
 
 8
 AFFIRMED.